### In re FISCHER.
Patent Appeal No. 3066.

Court of Customs and Patent Appeals.
Feb. 20, 1933.

Albert F. Robinson, of Washington, D. C., for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

LENROOT, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Pat-

ent Office, affirming a decision of the Examiner, rejecting claims 1, 3, 6, 7, and 9 to 13, inclusive, of appellant's application for want of invention in view of the prior art. Claims 1, 7, and 12 are illustrative of the claims on appeal, and read as follows:

"1. The herein described method of preparing resilient construction materials, which consists in impregnating fibrous material with a liquid substance having the inherent qualities of rendering the material supple, removing a predetermined quantity of said substance to leave the cellular structure of the material unfilled and thereafter incorporating the material thus treated with a compressible plastic binder."

"7. The herein described method of preparing elastic construction materials, which consists in impregnating a dry fibrous material with an oily substance mixed with a sulphur compound, which, when placed in a heated condition, will thicken the oily substance, and thereafter mixing said treated material with a ductile plastic substance at a high temperature, but beneath that at which the oily substance will volatilize."

"12. Resilient constructional material composed of a fiberized bituminous mass including a bituminous binder, cellular fibrous material incorporated in the binder to provide a resilient character in the mass, and an oily substance contained in the fibrous material to preserve its resilient character."

The references relied upon are: Grist (Br.), 2,868, of 1898; Wallace, 1,107,732, August 18, 1914.

The Board of Appeals in its decision described the alleged invention here involved as follows: "This application discloses a method of preparing resilient construction material and the product. It comprises treating fibrous materials, examples being broom corn, cocoanut fibers, sisal and excelsior first by impregnating it with an oily substance such as cotton seed oil, wood oil, glycerin, soap solution together if desired with some sulphur chloride or free sulphur and then with asphalt or rubber compositions."

The patent to Grist relates to the manufacture of composition blocks for paving, etc., in which a clean fiber substance, as for instance, jute, hemp, cotton, or animal fiber, is immersed in linseed oil and immediately taken out and placed in a hydro extractor for the purpose of extracting the superfluous oil not actually adhering to the fibers. After three such immersions, the fibers are ground and mixed with powdered sulphur, and then mixed with a suitable hardening or binding material, such as white lead, sand, asbestos, slate, or cement, whereupon the mixture is molded or formed into sheets by calender rolls.

The patent to Wallace, No. 1,107,732, discloses a process whereby the patentee impregnates wood, cloth, or roofing felt with some penetrating hydrocarbon oil, and then applies a heavy viscous composition of hydrocarbon, including asphalt and bitumen, to the surface portion thereof. The bituminous material is said to penetrate the pores of the body due to the softening and lubricating effect of the impregnating oil previously absorbed therein.

The Board of Appeals, in affirming the decision of the Examiner, rejecting all of the claims here involved, did not in all respects concur in the reasons given by the Examiner for his action.

Upon the hearing before us, appellant submitted the case upon his brief, without oral argument. In his brief he seeks to avoid the patent to Wallace as a reference by contending that it relates to a nonanalogous art. The specification in the Wallace patent recites that the invention " * * * consists in taking a normally non-waterproof porous body, formed of concrete or wood or the like, also cloth or roofing felt, and first subjecting it to the action of a preferably waterproofing liquid adapted to enter the pores of the body by capillary action, and subsequently applying to the body thus treated a waterproofing material, normally incapable of entering the pores of the body, but properly entering said pores in the presence of the previously applied liquid, by the process of diffusion, caused by the same being partly or wholly dissolved by the previously applied liquid."

The case of In re Albert C. Fischer, 57 F. (2d) 371, 19 C. C. P. A. 1060, related to an expansion joint, comprising "a preformed plastic strip embodying in its construction a homogeneous mixture of bituminous material and a vegetable straw. * * *" One of the references relied upon in that case related to a roof and wall composition. The appellant there, who is also the appellant here, contended that the said reference related to a nonanalogous art. In our opinion in that case the court, speaking through Presiding Judge Graham, said: "It is complained by appellant that the arts of making wall or roofing material and expansion joints are not analogous, and that, therefore, the Brown et al. reference should not be urged against him here. It is sufficient to say that appel-

lant's specification and claims herein describe a strip of material. The same thing is substantially drue in the Brown et al. reference. While the use may be somewhat different, it is thought the arts are sufficiently analogous to make the reference proper. The new use claimed in the present application is so nearly analogous to that in the Brown et al. patent, that the applicability of this material to its new use would occur to a person of ordinary mechanical skill. * * * "

We hold that the reference Wallace does not relate to a nonanalogous art.

It is contended by appellant that there was error in holding that the references disclosed the removal of a predetermined quantity of impregnating liquid, included as a limitation in certain of the claims on appeal.

The patent to Grist discloses that he removes the excess of impregnating liquid as definitely as is called for in the appealed claims.

The next principal contention by appellant is that the reference Grist shows as one step in his process the grinding of the fiber after its final impregnation with oil, and before the filling material is added. Appellant omits this step of grinding, and contends that such omission constitutes invention. In support of this contention, appellant relies upon the case of Lawther v. Hamilton, 124 U. S. 1, 8 S. Ct. 342, 31 L. Ed. 325, in which it was found that the omission of a certain step in a process there involved constituted invention. While the Board of Appeals did not in its decision discuss this particular point, the Examiner in his statement said: " * * * While the reference teaches the art to grind the oil treated fibrous material before the addition of the other ingredients employed in the composition, it is submitted that the use of fiber without grinding does not constitute invention since the use of fiber in an unground state is notoriously old in the art. * * * "

While it may be true, as stated by the Examiner, that the use of fiber in an unground state is notoriously old in the art, it is not true, so far as the record before us is concerned, that the use of fiber in an unground state, treated as appellant treats it, is old in the art. The product resulting from Grist's method is very different from the product resulting from appellant's method stated in the claims involved, and it would appear that, because of the omission of grinding, appellant secures a better product than could be secured by Grist's method. Grist seems to have had no conception of this, and we therefore cannot hold that the omission by appellant of the grinding step shown by Grist did not involve invention, so far as this reference is concerned.

With respect to claims 1, 3, 6, 9, 10 and 11, the question remains whether it would be obvious to one skilled in the art to add to the method shown by the Wallace reference the step of the removal of a predetermined quantity of impregnating liquid shown by Grist. In view of the character of the product resulting from the method of Grist, we do not think that this question should be answered in the affirmative, and we therefore hold that said claims do not lack invention over the combined references of Wallace and Grist. We therefore hold that said claims 1, 3, 6, 9, 10, and 11 should be allowed.

With respect to claim 7, we note that the element of removing a predetermined quantity of the impregnating fluid is omitted, but there is included as an element the mixing of the impregnating fluid with a sulphur compound. This element is found in Grist, though not in Wallace, but upon the same reasoning under which we found claims 1, 3, 6, 9, 10, and 11 allowable, we think claim 7 should be allowed.

With respect to claims 12 and 13, we agree with the conclusion of the Board of Appeals that they are so broad as to read directly upon Wallace.

For the reasons stated, the decision of the Board of Appeals is affirmed as to claims 12 and 13, and reversed as to claims 1, 3, 6, 7, 9, 10, and 11.